# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS, INDIANA

| | |
|---|---|
| ANGELA DARTY | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Cause No. 1:21-cv-1883 |
| | ) |
| SPEEDWAY LLC | ) |
| | ) |
| **Defendant,** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on April 27, 2021.

## PARTIES

3. Plaintiff is a disabled African-American female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in June of 2019.

6. Plaintiff suffers from a disability.

7. Plaintiff performed her job well.

8. Plaintiff was the only Black employee at Store No. 8048.

9. On October 2nd, 2020, Plaintiff was not feeling well and went to the hospital. Plaintiff's doctor ordered her to take three weeks off.

10. Plaintiff notified her manager, and a few days later Plaintiff was told by the HR Representative that she would receive 10 days quarantine pay, and the rest of her time off would need to be PTO or FLMA.

11. Plaintiff emailed the HR Representative multiple times and called him asking for FMLA paperwork. Plaintiff sent in all required documentation, and was still not sent any information on how to take FMLA leave. Plaintiff called the Defendant's Corporate Headquarters and was hung up on after they told her that she did not qualify for FMLA.

12. After requesting documentation from the HR Representative numerous times, Plaintiff was told she could not get any formal written documentation from Defendant about leave unless she had a formal ADA accommodation from her doctor.

13.  Plaintiff then provided that accommodation documentation on November 7th, 2020, and was told on November 17th, 2020, that she cannot work at Defendant because it put a hardship on the company, so she needed to either rescind her ADA accommodation or quit.

14. In addition, Plaintiff was told that someone with a disability could not work at the store.

15. Plaintiff was told then that she could not come back to work without a formal doctors' note rescinding the restriction. Plaintiff was then suspended for a week.

16. In December 2020, Plaintiff provided a doctor's note rescinding the restriction. Plaintiff was only told after she provided the doctor's note that she was allowed to return to work.

17. Similarly situated Caucasian and non-disabled employees who have worked for Speedway at Plaintiff's location for less time than Plaintiff has gotten fast-tracked to management.

18. Plaintiff has never received any write-ups or been on an improvement plan, but she has never been promoted. One manager attempted to promote Plaintiff, and higher-ups told her they did not want to promote Plaintiff.

19. Plaintiff was not promoted due to her race.

20. Plaintiff was not promoted due to her disability.

21. Defendant interfered with Plaintiff's FMLA rights.

22. Defendant failed to accommodate Plaintiff.

## COUNT I

23. Plaintiff incorporates by reference paragraphs 1-22.

24. Defendant, as a result of failing to promote Plaintiff due to her disability, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT II

25. Plaintiff incorporates by reference paragraphs 1-22.

26. Defendant, as a result of failing to accommodate Plaintiff, violated the Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

### COUNT III

27. Plaintiff incorporates by reference paragraphs 1 -22.

28. Defendant, as a result of interfering with Plaintiff's FMLA rights, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

### COUNT IV

29. Plaintiff incorporates by reference paragraphs 1 - 22.

30. Defendant, as a result of retaliating against Plaintiff, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

### COUNT V

31. Plaintiff incorporates by reference paragraphs 1 - 22.

32. Defendant, as a result of failing to promote Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

### COUNT VI

33. Plaintiff incorporates by reference paragraphs 1 - 22.

34. Defendant, as a result of as a result of failing to promote Plaintiff due to her race, violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer  36230-29
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Sarah E. Larimer 31235-49
Attorney for Plaintiff

Sarah E. Larimer 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416